JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

13 CV 8006

SHEILA SMALLS,

                    Plaintiffs,

                -against-

THE CITY OF NEW YORK, C.O. EBONY SIMONS, Shield No. 18573, Individually and in her Official Capacity, C.O. S. DAVIES, Shield No. 13893, and C.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

-----------------------------------------------------------------X

<u>COMPLAINT</u>

<u>JURY TRIAL DEMANDED</u>

ECF CASE



Plaintiff SHEILA SMALLS, by her attorney, ROBERT W. GEORGES, ESQ., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SHEILA SMALLS is an African-American female and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Department of Correction, a duly authorized public authority and/or correctional department, authorized to perform all functions of a correctional department as per the applicable sections of the New York State Correctional Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants C.O. EBONY SIMONS, C.O. S. DAVIES and C.O.s "JOHN DOE" #1-#10 were duly sworn corrections officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about November 12, 2010, at approximately 3:35PM, plaintiff SHEILA SMALLS was lawfully present at the AMKC facility at 18-18 Hazen Street, County of the Bronx, when she went to visit her common-law husband who was an inmate at Riker's Island Correctional Facility.

14. At this date, time and place, plaintiff SHEILA SMALLS entered the above facility along with many other visitors. Plaintiff SHEILA SMALLS went through a metal detector and was subjected to a thorough pat-down by a female corrections officer.

15. During this search, plaintiff SHEILA SMALLS was inspected thoroughly, including i) her mouth was searched, ii) she was made to remove her boots which were searched, and iii) inside her bra was checked. At the time of this inspection, plaintiff SHEILA SMALLS was told that she could not wear the shirt she was wearing into the visitation area and she would have to wear a sweatshirt provided by the corrections officers on duty.

16. Plaintiff SHEILA SMALLS took off her shirt and put on the sweatshirt given to her by the officers on duty and she was then allowed to proceed into the visitation area. During this visit, plaintiff SHEILA SMALLS was wearing leather pants that did not have any pockets.

17. Plaintiff was then allowed to visit with her common-law husband and the visit was completed without incident. Plaintiff SHEILA SMALLS was then escorted out of the visiting room without incident.

18. Once plaintiff SHEILA SMALLS was outside the visiting room, near the intake area by the lockers, getting ready to completely exit the facility, she was approached by a defendant corrections officer and placed in handcuffs and arrested.

19. At this date, time and place, despite having committed no criminal acts, or any other unlawful conduct, the defendants placed plaintiff under arrest and told her she was being charged with a criminal offense for having contraband.

20. Despite having no evidence, or reason to believe that plaintiff possessed any contraband, defendant officers processed plaintiff's arrest.

21. At her criminal court arraignment, plaintiff SHEILA SMALLS was charged with Promoting Prison Contraband, in violation of Penal Law §205.20(1) and Unlawful Possession of Marijuana, in violation of Penal Law §2210.05 and the presiding judge released plaintiff on her own recognizance.

22. At no time on November 12, 2010, did plaintiff possess or pass to anyone any marijuana or prison contraband.

23. At no time on November 12, 2010, did defendants possess probable cause to arrest plaintiff.

24. At no time on November 12, 2010, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

25. In connection with her arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

26. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrests.

27. Specifically, defendants falsely and knowingly alleged that they observed plaintiff SHEILA SMALLS possess prison contraband and pass said contraband to her common-law husband during their visit.

28. As a result of defendants' actions, plaintiff SHEILA SMALLS spent approximately thirty-six (36) hours in police custody.

29. Despite defendants' actions, all charges against plaintiff SHEILA SMALLS were adjourned in contemplation of dismissal on or about December 11, 2012 in Bronx Criminal Court.

30. As a result of the foregoing, plaintiff SHEILA SMALLS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff SHEILA SMALLS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Department of Corrections, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of the aforesaid conduct by defendants, plaintiff SHEILA SMALLS was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" as if the same were more fully set forth at length herein.

41. Defendants created false evidence against plaintiff SHEILA SMALLS.

42. Specifically, defendants falsely and knowingly alleged plaintiff possessed prison contraband and marijuana.

43. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

44. Defendants misled the prosecutors by creating false evidence against plaintiff SHEILA SMALLS and thereafter providing false testimony throughout the criminal proceedings.

45. In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Corrections include, but are not limited to, the following unconstitutional practices:

   i. maintaining an arrest quota placing undue pressure on officers to make arrests without probable cause;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

50. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   i. **Mazie Meredith v. City of New York**; United States District Court, Eastern District of New York, 09 CV 1220;

   ii. **Uriel Bonilla v. City of New York**; United States District Court, Southern District of New York, 09 CV 3563;

   iii. **Angel Figueroa v. City of New York**; United States District Court, Southern District of New York, 10 CV 2185;

   iv. **Angel Valentin v. City of New York**; United States District Court, Southern District of New York, 10 CV 5195; and

   v. **Osaigbovo v. City of New York**; United States District Court, Southern District of New York, 09 CV 4979.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Corrections constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHEILA SMALLS.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Corrections were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Corrections were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

55. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate corrections officers, and were directly responsible for the violation of plaintiff SHEILA SMALLS constitutional rights.

56. The acts complained of deprived plaintiff of her rights:

   1. Not to be deprived of liberty without due process of law;
   2. To be free from seizure and arrest not based upon probable cause;
   3. To be free from unlawful search;
   4. Not to have summary punishment imposed upon them; and
   5. To receive equal protection under the law.

57. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff SHEILA SMALLS respectfully request judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at

    trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.


Dated: New York, New York
       November 11, 2013


BY: _[signature]_
ROBERT W. GEORGES, ESQ.
*Attorney for Plaintiff Sheila Smalls*
The Woolworth Building
233 Broadway, Suite 1800
New York, N.Y. 10279
Tel (212) 710-5166
Fax (212) 710-5162
rgeorges@georgesesq.com

INDEX NO.

YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHEILA SMALLS,

                                      Plaintiff,

        -against-

THE CITY OF NEW YORK, C.O. EBONY SIMONS,
Shield No. 18573, Individually and in his Official Capacity, C.O.
S. Davies, Shield No. 13893, and P.O.'s "JOHN DOE" #1-4,
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are
presently unknown),

                                      Defendants.

---

## SUMMONS AND COMPLAINT

---

### ROBERT W. GEORGES
Attorney for Plaintiff
Office and Post Office Address, Telephone
The Woolworth Building
233 Broadway - Suite 1800
New York, New York 10279
Tel. (212) 710-5166

---

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for  Defendants

---

Service of a copy of the within is hereby admitted.          Dated
_____

Attorney(s) for

---

PLEASE TAKE NOTICE

☐    NOTICE OF ENTRY

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on        20

☐    NOTICE OF SETTLEMENT

       that an order                                               of which the within is a true copy
       will be presented for settlement to the HON.                one of the judges of the
       within named Court, at
       on                    20              at

Dated,                                                                                             Yours, etc.